JACOB SCHROEDER v. MARY FROMME, ADM'X.

Where the plaintiff sued upon a note for $1,800, and the defendant pleaded that the consideration was the loan of Confederate treasury notes, but the record showed that afterwards a judgment "by consent of parties" was rendered for $475, the court refused to disturb the judgment, and failed to consider the petition to enjoin it.

Article 1477 of Paschal's Digest reads as follows: "Any person, for a *bona fide* debt, may, without process, appear in person, or by attorney, and confess judgment for such debt; but in such cases a petition shall always be filed, and the justness of the debt sworn to by the person in whose favor the judgment is confessed, and when confessed by attorney, the warrant of

attorney shall be filed." (Paschal's Dig., Art. 1477, Note 573 )    This stat-
ute has no reference to a case where process has been regularly served and
defense filed.    It was intended to avoid fraud.

Error from Harris.    The case was tried before Hon.
Benjamin Shropshire, one of the district judges.

The suit was by John Fromme against Schroeder upon a
note.    The defendant pleaded a substantial defense.    "By
agreement" the judgment was rendered.    Fromme hav-
ing died, judgment was revived in the name of his widow,
under the statute.    She afterwards married Rode.    Schroeder
denied that he consented to this judgment, but said that it
was rendered without his knowledge.    And in the record
there is a petition for an injunction, on the ground that the
note was given for the loan of Confederate treasury notes,
which he urged was an illegal and treasonable considera-
tion, which could not support a judgment.    The court
refused the injunction.    Schroeder prosecuted error.

This court took no notice of the injunction.    There was
no assignment of errors.

No briefs have been furnished to the *Reporter.*

Morrill, C. J.—The petition was filed November 7,
1865; citation issued November 15, 1865; citation served
November 16, 1865; defendant's answer filed November
30, 1865; Judgment, May 15, 1867.    The amount claimed
was $1,800; the judgment was $475.    Such is an abstract
of the case, as it appears from the record.

Appellant assigns as error, that the judgment is erro-
neous, because it is an agreed judgment, and the justness
of the debt is not sworn to.

It is supposed that appellant relies upon the statute,
(Paschal's Dig., Art. 1477,) which provides that any person,
for a *bona fide* debt, may, without process, appear in person
or by attorney and confess judgment for such debt; but in
such cases a petition shall always be filed, and the justness

of the debt sworn to by the person in whose favor the judgment is confessed, and, when confessed by attorney, the warrant of attorney shall be filed.

It is obvious that the object of this statute was to prevent a party against whom a suit might be pending, or for any other cause, from fraudulently using the courts to conceal his property.

The statute has no reference to cases where the party is regularly cited, but only to such cases as have a voluntary appearance without process. In this case the petition was filed and process had eighteen months before the judgment.

We see no cause for the writ of error, but, as it is possible the plaintiff considered the judgment erroneous, it is simply affirmed without damages.

JUDGMENT AFFIRMED.